# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RHODA STAHMANN,**

    Plaintiff,

  v.                                                  Case No. 22-CV-205

**FOND DU LAC COUNTY SHERIFF'S DEPARTMENT, ERIC MUELLENBACH, and OSHKOSH WAL-MART,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT

Rhoda Stahmann filed a *pro se* complaint against the Fond du Lac County Sheriff's Department, Detective Eric Muellenbach, and the Oshkosh Wal-Mart alleging that the defendants are conspiring to cover-up an alleged theft of her stimulus check. (Docket # 1.) Stahmann requests that the Court order the defendants to investigate the alleged crime. (*Id.*) Stahmann also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) While I find Stahmann indigent for purposes of the *in forma pauperis* statute, because I find that Stahmann's complaint fails to state a claim on which relief may be granted, I recommend that the complaint be dismissed without prejudice.[1]

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her motion to proceed without prepayment of the filing fee, Stahmann states that she is employed and cares for her two minor children. (Docket # 2 at 1.) She earns $1,200.00 per month in wages. (*Id.* at 2.) Stahmann has no other assets. (*Id.* at 3–4.) Based on the

2

information provided in Stahmann's motion, I am satisfied that she is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Stahmann's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To determine whether Stahmann has failed to state a claim, I must give her *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In her complaint, Stahmann alleges that she contacted the Fond du Lac County Sheriff's Department on October 31, 2021 to file a report that her $1,400.00 stimulus check was stolen by a cashier. (Docket # 1 at 2.) Stahmann asserts that Detective Muellenbach was assigned to the case and assured her that the check would be "easy to trace down" because of the numbers on the back of the check. (*Id.*) She alleges that she later followed-up only to discover that law enforcement were "fraudulently covering up who actually cashed the stimulus payment and fraudulent [sic] made up evidence." (*Id.*) In her prayer for relief, Stahmann states that she is requesting that "the F.B.I. and U.S. Marshals [ ] investigate everyone affected by this" (*id.* at 4) and states that she wants "charges filed" (*id.* at 2).

Stahmann requests relief that this Court cannot give. The Court cannot order law enforcement to investigate an alleged crime, nor can it order the government to prosecute an action. For these reasons, even liberally construing the complaint, I do not find that Stahmann has stated any cognizable claims. Thus, I recommend the complaint be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**FURTHER, IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice and the case be dismissed.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

4

Case 2:22-cv-00205-PP   Filed 02/23/22   Page 4 of 4   Document 5