UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

    Plaintiff,

v.

    Case No. 22-cv-205-pp

FOND DU LAC COUNTY
SHERIFFS DEPARTMENT,
ERIC MUELLENBACH #131,
and OSHKOSH WAL-MART,

    Defendants.

## ORDER DECLINING TO ADOPT AS MOOT JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 5) AND REASSIGNING CASE BACK TO JUDGE JOSEPH FOR FURTHER PROCEEDINGS

On February 17, 2022, the plaintiff, representing herself, filed a complaint under 42 U.S.C. §1983 against the Fond du Lac Sheriff's Department, Eric Muellenbach and a Walmart in Oshkosh. Dkt. No. 1. The plaintiff alleges that on October 31, 2021, a cashier at the Oshkosh Walmart stole her $1,400 stimulus check. Id. at 2.

On February 23, 2022, Magistrate Judge Nancy Joseph issued a report recommending that this court dismiss the complaint. Dkt. No. 5. The order stated that the plaintiff had up to fourteen days after the date of service to object to Judge Joseph's findings. Id. at 4. The plaintiff did not object; instead, on March 10, 2022, the court received from her an amended complaint, dkt.

1

no. 6, and a notice of appeal, dkt. no. 7. On April 8, 2022, the court received from the plaintiff what appears to be another amended complaint. Dkt. No. 8.

The original complaint alleged that the plaintiff reported to the Fond du Lac County Sheriff's Department that a cashier at Walmart stole her $1,400 stimulus check. Dkt. No. 1 at 2. It asserted that Eric Muellenbach was the detective assigned to the case. Id. According to the complaint, Muellenbach told the plaintiff that the check would be easy to trace because the checks are numbered. Id. The complaint alleged that Muellenbach then called the plaintiff in to see if she could identify the cashier on a video, but that it was "not clear that they were working on it yet." Id. The complaint accused Muellenbach and the Sheriff's Department of fraudulently covering up "who actually cashed the stimulaus [sic] check" and fraudulently making up evidence. Id.

The original complaint asked for charges to be filed and the defendants to be "held accountable for there actions." Id. It asked for the FBI and the United States Marshals to investigate "everyone affected by this." Id. at 4. It also asked that the officers' badges taken and said that the plaintiff was a victim of their negligence. Id.

Judge Joseph's report and recommendation found that the plaintiff was asking for relief that the court is unable to provide. Dkt. No. 5. At 3. The report states that "[t]he Court cannot order law enforcement to investigate an alleged crime, nor can it order the government to prosecute an action." Id. Judge Joseph concluded that the complaint did not state a cognizable claim and recommended that this court dismiss it. Id.

2

Judge Joseph's report and recommendation were mailed to the plaintiff at her home address. The court received the first amended complaint within fourteen days of service of the report and recommendation, before this court could issue a ruling either adopting or rejecting Judge Joseph's recommendation. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course, with limitations. The plaintiff timely filed the amended complaint that the court received on March 10, 2022.

The amended complaint the court received on March 10, 2022 asks, among other things, for monetary damages rather than a court-ordered investigation and prosecution. The reasoning supporting Judge Joseph's recommendation no longer applies. The court declines to adopt Judge Joseph's recommendation because it is moot and will transfer the case back to Judge Joseph for further proceedings.

The court also received a "Notice of Appeal" from the plaintiff. Dkt. No. 7. A party may appeal a final decision of the court. 28 U.S.C. §1291. But neither this court nor Judge Joseph had made a final decision on the plaintiff's claim at the time the plaintiff filed her notice of appeal. The plaintiff's notice is premature and the court will not address it.

The plaintiff's second amended complaint was not accompanied by a motion for leave to file an amended complaint. The court will leave to Judge Joseph the question of whether to review the amended complaint received March 10, 2022 or the one received April 8, 2022.

The court **DECLINES TO ADOPT AS MOOT** Judge Joseph's Report and Recommendation. Dkt. No. 5.

The court **REASSIGNS** the case back to Judge Joseph for further proceedings.

Dated in Milwaukee, Wisconsin this 18th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**