UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RHODA STAHMANN,

        Plaintiff,

  v.

Case No. 22-cv-205-pp

FOND DU LAC COUNTY SHERIFFS DEPARTMENT,
ERIC MUELLENBACH #131,
and OSHKOSH WALMART,

        Defendants.

---

## ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 13) AND DISMISSING CASE WITH PREJUDICE

---

      On February 17, 2022, the plaintiff, representing herself, filed a complaint under 42 U.S.C. §1983, suing the Fond du Lac Sheriff's Department, Eric Muellenbach and a Walmart in Oshkosh, Wisconsin. Dkt. No. 1. As relief, the complaint asked the court to order the FBI and the U.S. Marshals Service to start an investigation. Id. at 4. Magistrate Judge Nancy Joseph issued a report recommending that this court dismiss the complaint without prejudice, concluding that the plaintiff had asked for relief that a federal court could not give. Dkt. No. 5 at 3. Although Judge Joseph's report advised the plaintiff that she had fourteen days within which to object to the recommendation, dkt. no. 5 at 4, the plaintiff did not do so. Instead, she filed an amended complaint, asking for monetary damages and other relief. Dkt. No. 6. Several weeks later, the plaintiff filed a second amended complaint requesting $4.5 million dollars from each defendant. Dkt. No. 8. Because the amended and second amended

1

complaints requested different relief than did the original complaint, this court declined to adopt the recommendation and returned the case to Judge Joseph so that she could review the plaintiff's most recent request for relief. Dkt. No. 10.

Judge Joseph has issued a second report recommending that the court dismiss the amended complaint with prejudice and dismiss the case. Dkt. No. 13. Judge Joseph's recommendation considered the allegations in both the amended and the second amended complaints.

Six days after Judge Joseph issued the second recommendation, the plaintiff filed yet another proposed amended complaint, requesting monetary damages and declaratory relief. Dkt. No. 14.

## I.  The Amended Complaint and Second Amended Complaint

In less than three months, the plaintiff has filed four complaints, all focusing on her allegation that her stimulus check was cashed by someone else.

The original complaint filed on February 17, 2022 was prepared on this court's complaint form for non-prisoners who are filing lawsuits without the assistance of a lawyer. It alleged that on October 31, 2021, she filed a report with the Fond du Lac County Sheriff's Department because of a stolen and cashed $1,400 stimulus check. Dkt. No. 1 at 2. The plaintiff asserted that "he" told her it would be easy to trace the check due to the numbers on it, that "he" then called her back to look at a video and that the plaintiff had followed up and realized that "they" were fraudulently covering up who had cashed the check and making up evidence. Id. She said that the check had been issued on March 26, 2021 and that she had notified the IRS. Id.

The March 10, 2022 amended complaint was prepared on this court's amended complaint form for non-prisoner filers who are not being assisted by lawyers. Dkt. No. 6. The amended complaint alleges that the Fond du Lac County Sheriff's Department, Eric Muellenbach and Oshkosh Walmart #'s 1430 and 1438 participated in cashing and making up fraudulent evidence regarding the plaintiff's $1,400 stimulus check. Id. at 2. The plaintiff says video from the Oshkosh Walmart was false. Id. She asserts that Eric Mullenbach, "assigned," made up evidence regarding the case. Id. The plaintiff alleges that all of the defendants "participated in this, stolen and cashed check, from store number 1438 to 1430, according to the evidence given to [her] from the [Fond du Lac] county sheriffs department on dec 10th of 2021." Id. She says that the check was issued March 26, 2021 and was cashed at a Walmart store on April 7th "according to the evidence provided by the sheriffs department . . . ." Id.

The April 8, 2022 second amended complaint was prepared on a "Complaint to Require Performance of a Contract to Convey Real Property (28 U.S.C. § 1332; Diversity of Citizenship)." Dkt. No. 8. The complaint does not, however, mention any real property (real estate). In the "Statement of Claim" section, it says,

> [T]hey have fradulant evidence downloaded on there computer and used video at a Walmart locations phones including paper work that is owned by the following defendants fondulac sheriffs department, oshkosh walmart and eric mullenbachs computer,evidence room and any video footage located at the sheriffs department in fondulac county,and winnebago countynone.

Id. at 5.

The plaintiff attached to the second amended complaint a letter to her from the Department of the Treasury Bureau of the Fiscal Service, dated November 9, 2021, which appears to be a response to the plaintiff's allegation

3

that she did not write the endorsement of her name on a $1,400 Treasury check made out to her. Id. at 10.

The first amended complaint requests the following relief:

I want the max amount of money able to give in the eastern district court,amount yet to be determined. Also the IRS given there money back along with time spent revolving the case.I also want my schooling for emt and firefighter to be paid for along with my four kids schooling to be paid for as well.Also aplogie letters sent to me and family and kids and why they did it. Restitution also exspence paid for and held accountable for there actions as well.

Dkt. No. 6 at 3. On the second amended complaint, the plaintiff marked the box next to "[d]amages sustained as a result of the defendant(s)' refusal to comply with the contract." Dkt. No. 8 at 7. Under "Other relief," she wrote, "Also requesting 4.5 millon dollars in final judgment exsplained in Section C from each defendant. Due to misconduct and all relief." Id.

## II. Judge Joseph's Report

Judge Joseph found that the amended and second amended complaints failed to state a claim under 42 U.S.C. §1983 against any of the three defendants. Dkt. No. 13 at 3-5. Judge Joseph explained that the Fond du Lac Sheriff's Department is not a legal entity separate from the county government, and therefore cannot be sued under §1983. Id. at 3. Judge Joseph also found that neither of the complaints contained any allegations that any sheriff's department employee violated the plaintiff's rights as a result of an official policy or custom. Id. at 3-4. Judge Joseph noted that Walmart is not a government actor (§1983 allows a person to sue someone who violated the person's constitutional rights while acting under color of state law) and the plaintiff did not allege that Walmart had entered into an agreement with state officials to deny the plaintiff her constitutional rights. Id. at 4. Finally, Judge Joseph determined that the plaintiff "cannot bring a constitutional claim in

4

federal court against [Eric] Muellenbach for deprivation of her property if a meaningful state remedy exists." Id. at 5. Because Wisconsin common law provides a remedy for the tort of conversion, Judge Joseph found that the plaintiff had a meaningful state remedy against Muellenbach. Id.

### III.   Legal Standard

Under Federal Rule of Civil Procedure 72, if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Joseph's findings and conclusions are clearly erroneous. They are not.

### IV.   Analysis

Fed. R. Civ. P. 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. Webb v. Franklin Cty. Jail, No. 16-cv-1284-NJR, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017). Under Wisconsin law, the Fond du Lac County Sheriff's Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004). Section 1983 allows a plaintiff to sue a "person" who violates her constitutional rights under color of state law. A sheriff's department is not a "person." The United States Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983. Monell v. Dept. of Soc. Servs. Of City of New York, 436 U.S. 658 (1978). But a sheriff's department is not a municipality or a local government unit. Judge Joseph did not commit clear error—or any error at

all—when she concluded that the Fond du Lac County Sheriff's Department is not a suable entity for the purposes of a civil rights suit under 42 U.S.C. §1983.

Section 1983 allows a person to sue someone who violated her constitutional rights "under color of state law." "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). As Judge Joseph explained, Walmart is not a "state actor"—it is a private corporation. It is possible for a private corporation to be deemed to act under state law. "For a private actor to act under color of state law he must have 'had a meeting of the minds and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right." Wilson v. Warrant Cty. Ill., 830 F.3d 464, 468 (7th Cir. 2016) (quoting Cunningham v. Southlake Ctr. for Mental Health, Inc., 924 F.2d 106, 107 (7th Cir. 1991)). Neither the amended complaint nor the second amended complaint alleges that Walmart had a meeting of the minds with Muellenbach or agreed with him to violate the plaintiff's civil rights. The plaintiff alleged only that each defendant participated in the cashing of her check. This is not sufficient to state a claim that private actor Walmart acted in concert with state actor Muellenbach to such an extent that it should be treated as a state actor. Judge Joseph did not commit clear error, or any error, in reaching this conclusion.

The plaintiff has alleged that Muellenbach made up evidence regarding her case and somehow participated in cashing her stimulus check. Depriving someone of property by falsifying evidence implicates the due process clause.

6

Due process claims under §1983 fail if the plaintiff has an "adequate post-deprivation remedy at state law." Wilson, 80 F.3d at 469 n.2 (citing Gable v. City of Chi., 296 F.3d 531, 540-41 (7th Cir. 2002)). Wisconsin Statute §893.35 says that a person may commence a civil action to recover personal property within six years of the time of the wrongful taking or conversion. This means that the plaintiff has an adequate state-law remedy against Muellenbach. As long as she does so within six years of the date she believes he deprived her of her check, the plaintiff may sue Muellenbach in state court under that statute. Because Wisconsin has an adequate remedy for the plaintiff's allegations against Muellenbach, the plaintiff cannot bring a due process claim against him under §1983 for any role he allegedly played in cashing the stimulus check.

The court will adopt Judge Joseph's recommendation and dismiss the amended complaint and the second amended complaint, because neither pleading states a claim for which a federal court may grant relief.

The Seventh Circuit has repeatedly stated that courts should give litigants—especially litigants who are representing themselves—the opportunity to amend a complaint before dismissing the entire case. See, *e.g.*, Orozco v. Butler, 766 F. App'x 365, 369 (7th Cir. 2019). Fed. R. Civ. P. 15(a)(1) allowed the plaintiff to amend her complaint once without needing to ask the court's permission, and she did so. Dkt. No. 6. The plaintiff filed the second amended complaint without seeking leave of court; like the first two versions, it did not state a claim for which a federal court may grant relief.

After Judge Joseph issued her report and recommendation, the plaintiff filed a *third* amended complaint. Dkt. No. 14. Again, she did not seek leave of court to do so. The allegations in the third amended complaint suffer from the

same deficiencies in the first three pleadings—the main difference is that the plaintiff has added a defendant (without making any specific allegations against that defendant).

None of the four complaints the plaintiff has filed state claims for which this court may grant her relief. The court will dismiss the case with prejudice.

**IV.  Conclusion**

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 13.

The court **ORDERS** that the case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**