UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RHODA STAHMANN,

        Plaintiff,

  v.                                   Case No. 22-cv-205-pp

FOND DU LAC COUNTY SHERIFF'S DEPT.,
ERIC MUELLENBACH #131,
and OSHKOSH WALMART,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND AND JURY REQUEST (DKT. NO. 17), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 18) AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 19)**

---

      The court dismissed the plaintiff's second amended complaint and entered judgement—closing the case—on May 24, 2022. Dkt. Nos. 15, 16. Since then, the court has received three motions from the plaintiff: one on June 15, 2022 motion asking for an "extension on the case" and a jury trial, and two on August 1, 2022, the first asking to further amend the complaint and the second requesting relief from the judgment. Dkt. Nos. 17, 18, 19. The court will deny the motions.

**I.    Motion to Extend and Jury Request (Dkt. No. 17)**

      The plaintiff's first request asked the court for an "extention on the case" and "otherwise" "to file a motion to take it to a jury trial." Dkt. No. 17 at 1, 2. The plaintiff alleges that "this is a fraudulent move on law enforcement alone."

1

Id. at 1. She says there was an "intentional act on the detective and supervisor." Id. The plaintiff explains that she has been looking for representation but has not been able to find anyone, so she asks the court to "find counsel" for her. Id. The plaintiff also says that she's "petitioning the court as a legal obligation to report fraud to the State Attorneys Office." Id. She asks for time to "review your legal terms to file the appropriate paperwork." Id. She says she's asked for documentation from the Fond du Lac Sheriff's office about her case, but that her request has been refused. Id. She asks how many laws law enforcement has to break before they are held accountable. Id. at 2. She says that she would like to file a motion to take the case to a jury trial; she says that "[t]his is fraudulent and reviewing it even close a criminal matter as well by the detective himself and the supervisor Chris randoll and shell be held liable for misconduct, and negligence and intentional." Id. The plaintiff mentions Walmart, tampering with evidence, cruelty and intentional discrimination. Id. She cites various cases and concludes by saying that she would "appreciate under certain and rare circumstance be appointed Rep[re]sentation regarding the unusual circumstance as well." Id. at 3.

The court suspects that the plaintiff is asking the court to reopen the case and reconsider its decision to dismiss her case. The court will not do so. The plaintiff filed a complaint, an amended complaint and a second amended complaint, none of which stated viable claims. The court understands that the plaintiff believes very strongly that her rights were violated and that she was mistreated. But none of her complaints stated facts sufficient to state a claim.

Because the complaints did not state a claim, there is no issue for a jury to try, so the court will not grant the plaintiff's request for a jury trial.

Finally, the plaintiff asks the court to find her an attorney, calling it her "right" to have representation. It is well established that parties in federal civil cases do not have a constitutional right to counsel. Boykin v. Sandhold, 801 F. App'x 417, 421 (7th Cir. 2020) ("There is no constitutional or statutory right to counsel in federal civil cases.") (quoting Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010)). The court will deny the plaintiff's motion to extend the case and her request for a jury trial.

## II. Motion to Amend the Complaint (Dkt. No. 18)

The plaintiff seeks to amend her complaint for a third time, this time after the court closed the case. Dkt. No. 18. Under the Federal Rules of Civil Procedure, a party may amend its pleadings under three circumstances: (1) "21 days after serving [the pleadings]"; (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(, (e), or (f), whichever is earlier"; or (3) "only with the opposing party's written consent or the courts leave." Fed. R. Civ. P. 15(a). Because neither of the first two options apply, the plaintiff pursues the third option.

When a party seeks leave of court to amend the complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have broad discretion when deciding whether to give leave to amend, and should consider the presence of "undue delay, bad faith, dilatory

3

motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or [whether] the amendment would be futile." Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015).

The court will deny the motion. First, it is untimely. The court has closed the plaintiff's case. There is no complaint to further amend because the case has been dismissed. Even if the plaintiff had asked to amend the complaint before the court closed the case, the proposed third amended complaint does not state a claim. The new allegations add that Detective Muellenbach "concealed exculpatory evidence" and failed to intervene during an investigation. Dkt. No. 18-1 at 3. The plaintiff says that she wants to bring claims against him under 42 U.S.C. §1983 for negligence and misconduct, id., neither of which are constitutional claims. She also seeks to add Lieutenant Chris Randall of the Fond du Lac Sheriff's Department as a defendant, but alleges only that Randall refused to reinvestigate the plaintiff's claims based upon Muellenbach's findings. Id. at 5. The plaintiff repeats her intent to bring a claim against Walmart under §1983, id. at 6, which the court already has told her the statute does not allow because Walmart is not a state actor, dkt. no. 15 at 6. Because the plaintiff's third amended complaint fails to state a plausible claim for relief, it would be futile for the court to allow her to amend. The court will deny the plaintiff's motion.

### III. Motion to Reconsider (Dkt. No. 19)

Finally, the plaintiff has filed a motion for relief from judgment but cites to both Rule 59(e)—which allows the court to alter or amend a judgment—and

4

Rule 60(b)—which allows the court to grant a party relief from its previous judgment. Dkt. No. 19. The court will consider both.

A. Motion to Alter or Amend Judgment Under Rule 59(e)

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Rule (59)(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." The plaintiff filed her motion for relief from judgment sixty-nine days after the court's order, so the motion is not timely under Rule 59(e).

B. Motion for Relief from Judgment Under Rule 60(b)

The Seventh Circuit has explained that parties seeking relief under Rule 60(b) face a high bar:

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous

applications of law." *Eskridge* [*v. Cook County*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. Appx. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The plaintiff offers no argument in support of her Rule 60(b) motion; she simply cites the rule. She has not identified any mistake, or newly discovered evidence, or fraud on the court. She has provided no reason for the court to grant relief from the judgment. The court will deny the plaintiff's Rule 59(e) and 60(b) motions.

## IV. Conclusion

The court **DENIES** the plaintiff's motion for an extension and jury trial request. Dkt. No. 17.

The court **DENIES** the plaintiff's motion to amend the complaint a third time. Dkt. No. 18.

6

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**