UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

        Plaintiff,

                                      Case No. 22-cv-205-pp

    v.

FOND DU LAC COUNTY SHERIFF'S DEPT.,
ERIC MUELLENBACH #131
and OSHKOSH WALMART,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION
(DKT. NOS. 21, 25, 27, 28, 29, 30, 33, 34, 35, 36, 38), DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT (DKT. NO. 22), DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 23),
DENYING PLAINTIFF'S MOTION TO ADD PARTY (DKT. NO. 26) AND
BARRING PLAINTIFF FROM FUTURE FILINGS IN THIS CASE**

On February 17, 2022, the plaintiff—representing herself—filed a
complaint against the Fond Du Lac County Sheriff's Department, Officer Eric
Muellenbach and the Oshkosh Wal-Mart alleging that on October 31, 2021 she
had filed a report because someone stole her March 26, 2021 stimulus check;
she asked for charges to be filed. Dkt. No. 1 at 1. She claimed that the officer
who investigated was "fraudulantly [sic] covering up who actually cashed the
stimulaus [sic] payment and fraudualant made up evidence." Dkt. No. 1 at 2.
Magistrate Judge Nancy Joseph granted the plaintiff's motion for leave to
proceed without prepaying the filing fee but issued a report recommending that
this district court judge dismiss the complaint without prejudice. Dkt. No. 5.

1

Before the district court had a chance to decide whether to accept that recommendation, the plaintiff filed an amended complaint, dkt. no. 6, so the court declined to adopt the recommendation and referred the case back to Judge Joseph to screen the amended complaint, dkt. no. 10.

The amended complaint added few factual allegations (although it added that the check was cashed at the defendant Walmart store on April 7), but claimed that all the defendants had participated in making up evidence regarding the stolen and cashed check. Dkt. No. 6. It also asked for money damages, for her schooling and children's schooling to be paid for, apology letters and restitution. Id. at 3. On April 27, 2022, Judge Joseph recommended this court dismiss the amended complaint with prejudice and that the case be dismissed. Dkt. No. 13. This court adopted the report and recommendation, dkt. no. 15, and entered judgment on May 24, 2022, dkt. no. 16.

On June 15, 2022, the plaintiff filed a motion asking for an "extension on the case" and a jury trial. Dkt. No. 17. On August 1, 2022, the plaintiff filed two additional motions, the first asking to further amend the complaint (Dkt. No. 18) (and attaching a proposed third amended complaint, Dkt. No. 18-1) and the second requesting relief from judgment under Fed. R. Civ. P. 60 (Dkt. No. 19). The court construed the motion for extension as a motion to reopen the case and denied both motions because none of the allegations—including those in the proposed third amended complaint—stated a claim and the plaintiff had given the court no reason to grant relief from judgment. Dkt. No. 20.

2

The case remains closed. On October 13, 2022—some five months after the court entered judgment—the plaintiff began filing motions to reconsider. Since that date, the plaintiff has filed fourteen motions and six letters. Dkt. Nos. 21–39. Each of the motions asks the court to reconsider its rulings, add defendants or amend the pleadings. The plaintiff also has filed exhibits: a CD and a USB drive purporting to support her theory of a cover up. What has become clear from the plaintiff's most recent submissions is that her requests are related to an ongoing state-court criminal case in which she has been charged with resisting or obstructing an officer. State v. Stahmann, Case No. 2022CM000380 (Fond du Lac County Circuit Court), available at https://wcca.wicourts.gov/.

In support of the first motion to reconsider, the plaintiff included the criminal complaint pending against her in the state court case. That complaint alleged that on October 21, 2021, Detective Muellenbach spoke with the plaintiff, who indicated that her $1,400 federal stimulus check was stolen and cashed in Milwaukee. Dkt. No. 21-1 at 1. The complaint indicated that the plaintiff had a photo pf the cashed check showing that it was cashed on April 7, 2021 at a Walmart store. Id. The complaint indicates that Muellenbach had retrieved video from the Walmart and says that it appeared to Muellenbach that the plaintiff was the person who cashed the check in Walmart. Id. at 2. When Muellenbach showed the plaintiff the video, the plaintiff at first admitted that the person looked like her, but also said that the person looked like her

3

friend, that it must be some sort of mistake and that the video must have been of her cashing a payroll check. Id.

The publicly available state court docket indicates that on July 20, 2022—five months after she filed her federal lawsuit—the plaintiff was charged in Fond du Lac County Circuit Court with resisting or obstructing and officer. State v. Stahmann, Case No. 2022CM000380 The jury trial in the case was scheduled to begin on September 11, 2023. Id.

Because none of the three complaints have stated a claim for which this federal court may grant relief, and because there now is an ongoing criminal proceeding in the state court to which the plaintiff's allegations in this federal case appear to relate, the court will deny the pending motions and order the Clerk of Court to return any future motions or pleadings filed in this case. The plaintiff may raise her arguments regarding falsified evidence and a "cover up" in the state criminal case. If she is acquitted in state court, or if she successfully challenges any conviction on appeal or through post-conviction proceedings, she may file a new lawsuit in federal court against any state actors (and anyone conspiring with a state actor) for any federal constitutional violations through 42 U.S.C. §1983.

## I.    Motions to Reconsider/for Relief from Judgment

### A.    Standards

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Lewis, No. 17-cr-191, 2019 WL 3068310, at *1 (E.D. Wis. July 11, 2019) (quoting United States v. Roth, No.

4

10 Misc. 001, 2010 WL 1541343, at 2 (E.D. Wis. Apr. 19, 2010)). "[S]uch motions are properly brought under Rule 59(e) or Rule 60(b)." <u>Austin v. Comm'r of Soc. Sec. Admin.</u>, No. 16–CV–1296, 2018 WL 2271032, at *1 (E.D. Wis. May 17, 2018) (alteration in original) (quotation omitted). Rule 59(e) allows the court to alter or amend a judgment and Rule 60(b) allows the court to grant a party relief from a previous judgment.

Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "This time limit is unyielding" and the district court "may not extend the time limit imposed by Rule 59(e)." <u>Banks v. Chi. Bd. of Educ.</u>, 750 F.3d 663, 666 (7th Cir. 2014) (citing <u>Justice v. Town of Cicero</u>, 682 F.3d 662, 664–65 (7th Cir. 2012)). "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion," the court must "treat it as a Rule 60(b) motion." <u>Id.</u>

Rule 60(b) relief is an "extraordinary remedy granted only in 'exceptional circumstances.'" <u>In re Cook Med., Inc.</u>, 27 F.4th 539, 542 (7th Cir. 2022) (quoting <u>Eskridge v. Cook County</u>, 577 F.3d 806, 808 (7th Cir. 2009)). The court may relieve a party" from a final judgment or order for six reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

5

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b)(6) provides a catchall" that "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, ___ U.S. ___, 142 S. Ct. 1856, 1861 (2022). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion." Banks, 750 F.3d at 666 (quoting Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009)).

Because all the plaintiff's pending motions were filed months after the court entered judgment, the court will consider the motions under Rule 60(b).

B.     Summaries of the Plaintiff's Motions

1.     *Motion for Reconsideration (Dkt. No. 21)*

On October 13, 2022, the court received from the plaintiff the first motion to reconsider. Dkt. No. 21. In a twelve-page, handwritten motion, the plaintiff asks the court to reconsider its rulings with respect to her motion for extension of time (Dkt. No. 17) and motion to amend (Dkt. No. 19) under Rules 59 and 60 for "misconduct, negligence" and "[a]lso newly discovered evidence and fraud." Dkt. No. 21 at 1. The plaintiff alleges that newly discovered evidence supports her allegations of intentional fraud against Detective Eric Mullenbach. Id. She explains that she requested copies of the "reports, receipt

6

obtained, and footages on 12-10-21 and also on April 11th, 2022" and notes several inconsistencies in the evidence obtained by Mullenbach (such as altered date and time stamps on reports and on the receipt obtained from Walmart). Id. at 1, 6. The plaintiff also accuses Lieutenant Chris Randall (who is not named as a defendant) of condoning the fraud and misconduct. Id. at 2, 4, 6.

The motion asked the court "to include with supporting evidence to reconsider judgment in relief for dk. 17, 18, 19." Id. at 8. The plaintiff attached seventy-eight pages of exhibits. Dkt. No. 21-1. The documents include a July 20, 2022 criminal complaint filed against the plaintiff in Fond du Lac County, dkt. no. 21-1 at 1-3; information for victims of crime in Wisconsin, dkt. no. 21-1 at 4; an electronic receipt of a payroll check tendered on April 2, 2021 at an unknown location, dkt. no. 21-1 at 5; the sheriff's property inventory showing the CD from Walmart, dkt. no. 21-1 at 6; Mullenbach's reports regarding the plaintiff's complaint, dkt. no. 21-1 at 8-20; the pleadings from this case, dkt. no. 21-1 at 22-46; and a letter from the Department of Treasury, dkt. no. 21-1 at 48.

The plaintiff explains that on November 29, 2021, after she reported her stimulus check stolen, she went to the Fond du Lac Sheriff's office to review the footage obtained from Walmart. Dkt. No. 21 at 9. She states that she told the detectives that the woman in the video from Walmart "looked like [her] but was not;" she provides details about the differences between her and the woman in the video. Id. The plaintiff states that on December 2, 2021, she went back to

7

the Sheriff's Department to review another video and claims that that video was different from the one she originally viewed with Mullenbach. Id. at 10. The plaintiff alleges that in this second video, the woman entering Walmart is not her and the amount of money provided by the cashier to the woman does not add up to the amount of the stimulus check. Id. The plaintiff argues that that this footage was altered by Mullenbach. Id. at 10. She further alleges that the Sheriff's Office "got upset because [she] didn't let it go." Id. at 11. The plaintiff asks that all this evidence "go" with her "reconsider motions" because she has stated a claim and has "[p]rovided facts," "dates times, location to support the . . . allegations" . . . "along with roles they played in." Id. at 12.

2. *Motion to Supplement* (Dkt. No. 22)

The same day the court received from the plaintiff the above-described motion to reconsider, the court received a two-page motion to supplement. Dkt. No. 22. The plaintiff states that she was given a USB drive and a CD on October 13, 2022 with pictures of a woman taken from the "Oshkosh" Walmart. Dkt. No. 22 at 1. The plaintiff alleges that photos on the USB drive show a different woman than the original photos from Walmart that she had reviewed. Id. The plaintiff says, "Under fed Rule #60, reason #1-6 in fraud upon the court, and Alter evidence According to detective Muellenbach own written statement does not even match the photo that is a fact to support the evidence provided." Id. She further alleges that the check and police reports were altered because the documents are "missing some words from the first set of reports" and "you can tell where it was whited out." Id. at 2.

8

### 3. *Motion for Relief from Judgment* (Dkt. No. 23)

On February 13, 2023, the court received from the plaintiff another handwritten, thirteen-page motion for relief under Fed. Rule 60(b), dkt. no. 23, along with twenty-five pages of attachments, dkt. no. 23-1. She asks the court to reconsider her previous filings under Federal Rule 60(b). Id. at 1. The plaintiff cites the receipt obtained by the Sheriff's Department and videos of interviews which show her stating that the second video was not the same as the first as evidence that Muellenbach committed fraud. Id. at 4. For the first time, she accuses a deputy district attorney (id. at 5, 6) a district attorney (id. at 5, 6) an appointed attorney (id. at 6), Judge Andrew Christianson (id. at 7) and others of violating her Fifth, Sixth, Eighth and Fourteenth Amendment protections against excessive bail, cruel and unusual punishment and "Right of Accused in criminal prosecutions, Right to jury triail (sic) to confront opposing witnesses and to COUNSEL!" Id. at 8, 9.

The last page of this pleading is captioned as a "motion to add on to Fed. Rule 60(b) Reasons 1-3 &6." Id. at 13. She wants to add Detective Lamotte as a defendant because he was in the room when the plaintiff was reviewing the video footage from Walmart and that Lamotte "knowingly, knew that was not the same video as the first because [she] pointed out detail on the footage on Muellenbachs computer, even as we counted the money placed on the counter, along with the cashier himself." Id. She says that Lamotte had a "realistic opportunity to intervene" and did not intervene. Id.

4. *Motion for Reconsideration* (Dkt. No. 25)

On May 24, 2023, the court received from the plaintiff a handwritten, eighteen-page motion to reconsider (Dkt. No. 25) and twenty-six pages of exhibits (Dkt. No. 26-1). The motion informed the court that the plaintiff had been moved to the Mendota Mental Health Institute. Dkt. No. 25 at 1. She asks the court to add the facts in this document to the other facts she'd provided. Id. She cites Rules 58, 59, 60(e), 60(b), the First, Fourth, Sixth and Seventh Amendments, Duckworth v. Gentry, 65 F.3d 555 (7th Cir. 1995) and Wis. Stat. §946.17. Id. at 3. The plaintiff repeats her allegations that Mullenbach, Lamotte, and others altered evidence and "condoned false swearing." Id. at 3-8. She continues to argue that evidence has been altered and cites her Fourth Amendment rights. Id. at 9-18. She concedes that her case is now "in a courtroom," id. at 1, and that she "still [has] to prove [her] case for ebing wrongful imprisonment, under osbruction to an officer, for that [she has] to do with or without representation." Id. at 2.

5. *Motion for Reconsideration* (Dkt. No. 27)

On June 7, 2023, the court received from the plaintiff a handwritten, fifteen-page motion to reconsider. Dkt. No. 27. She first explains that she filed a lawsuit in 2022 based on the police report that she had filed with Mullenbach regarding her stimulus check. Id. at 1. The plaintiff states that Mullenbach reached out to her a few weeks later to review a video of a "girl" entering Walmart. Id. She says she reviewed the video with the detective and pointed out to him several inconsistencies she believes demonstrate that the woman in

10

the video is not her. Id. at 2-3. The plaintiff states that Mullenbach committed fraud with these videos because he said "[h]e went back to Walmart to get the correct video." Id. at 4. The plaintiff appears to allege that Mullenbach altered the footage from Walmart before showing it to her. Id. The plaintiff alleges that Mullenbach conspired with the other detectives to commit fraud. Id. She asserts that this "newly discovered evidence" allows the court to reconsider its previous judgment. Id. at 3.

The plaintiff asserts that she has demonstrated that they "wrongfully accused the Wrong Person and they all conspired in making fraud and schame [sic] happen, by their own misconduct, and negligance [sic]." Id. at 12. She asks that the court find Mullenbach, "guilty of fraud and schame [sic], misconduct and negligance [sic] with Fed Rule 60(e) reason 1-6 proven by this statement." Id. She requests 2.5 million dollars and asks the court to "start a criminal investigation on civil rights" and look at how many other stimulus checks were reported stolen. Id. at 13, 14.

6. *Motion for Reconsideration* (Dkt. No. 28)

On June 7, 2023,—the same day the court received the previous motion for reconsideration—it received from the plaintiff a second twelve-page motion to reconsider naming all the defendants she would like to sue—Muellenbach, LaMotte, Detective Michelle Fink, and Deputy District Attorney Kristin R. Menzl. Dkt. No. 28 at 1. She maintains that Mullenbach should have obtained a search warrant to have Walmart look up the check. Id. She alleges that pictures of the check and the letter from the Department of the Treasury

11

establish "misconduct alone under federal rule #60(e), he failed to obtain the actual account # with a warrant." Id. at 2. She believes that Mullenbach gave Walmart the wrong check number and alleges that the charges against her could have been prevented if proper protocol had been followed. Id. at 2. She provides detail about the pieces of evidence that she believes have been altered, including the physical check, the receipt of the transaction obtained from Walmart and the CD with the video footage from Walmart. Id. at 6. The plaintiff cites Federal Rule 60(b) and Wis. Stats. §887.015 and §946.4(2)(m). Id. at 10. The plaintiff requests that Mullenbach be found guilty by the court and seeks judgment of 2.5 million dollars from each defendant, "especially ERIC Muellenbach." Id.

7. *Motion for Reconsideration* (Dkt. No. 29)

In the third motion to reconsider received by the court on June 7, 2023, the plaintiff asks the court to hold Lamotte liable for misconduct under Federal Rule 60(e) because he allegedly was in the room with Mullenbach and turned a blind eye to the video fraud on December 2, 2021. Dkt. No. 29 at 1. She asserts that Lamotte should have made a report and did not do so. Id. at 2. She states that newly discovered evidence shows Lamotte committed fraud, misconduct, and negligence under Federal Rule 60(e) by not writing a report; she asks for 2.5 million from Lamotte. Id. at 4.

8. *Motion for Reconsideration* (Dkt. No. 30)

On June 12, 2023, the court received from the plaintiff a handwritten, twenty-five-page motion for reconsideration, alleging that District Attorney

Barbara Pierce reviewed the discovery as part of a plea offer, and saw that the plaintiff was not the woman in the footage from Walmart. Dkt. No. 30 at 1. The plaintiff states that she can prove beyond a reasonable doubt that "intentional acts were done by the following individuals," including Mullenbach and Lieutenant Chris Randall. Id. at 2. The plaintiff refers to her attorney in the underlying criminal case and insists that Pierce should have dropped the charges after seeing the video, but instead offered a jail term followed by probation. Id. at 17. The plaintiff asserts that they "all are now Guilty of Federal Rule 60(e)" and says her evidence gives "the Federal Court enough Reason to Alter/Amend the criminal complaint to allow the courts also to so what they deemed necessary." Id. at 20. She wants each defendant to be "found Guilty on this Rule Aline Federal Rule 60(e) reasons 1-3 to support reason 6." Id. She also wants people criminally charged. Id. She reiterates that the DA allowed the case to go to a jury trial even after viewing the discovery. Id. at 21.

The plaintiff also indicates that the "[n]ext [competency] evaluation needs to be into the FDLC no later the July 24th 2023 for the 6 month evaluation." Id. at 23. She asserts that in December 2022 she was living a normal life, working full time, raising her children and studying for firefighter and hazmat exams, but that she has lost all that schooling. Id.

9.      *Letter* (Dkt. No. 31)

Two days later, the court received from the plaintiff an eight-page letter styled as a "petition to the courts," indicating that she is "taking this to a jury trial." Dkt. No. 31. She asserts that there has been fraud on the court and

tampering with evidence. Id. at 1. She states that she understands that "it's all a process but there has to be something under the saving a life clause." Id. She states that she is working through the court process as a prisoner to prove herself innocent and that she has to prove that in circuit court by a jury trial. Id. She asserts that she needs "some kind of justice." Id. at 2. She alleges fraud, misconduct, negligence and conspiracy between the investigating officers and Walmart. Id. The plaintiff petitions the court to award $2.5 million from a previous judgment entered in this case in April. Id. at 3.

          10.    *Letter* (Dkt. No. 32)

This document was received by the court on June 14, 2023 and docketed by the clerk's office as a letter, but the twenty-eight-page submission indicates that the plaintiff is "petitioning the court, on todays date of 6-9-23, for a Judgment in Relief, for 2.5 million dollars . . . ." Dkt. No. 32. The plaintiff states that the discovery of new evidence shows "fraud, schame [sic], misconduct, negligance [sic]." Id. The plaintiff accuses Mullenbach and the Oshkosh Walmart of participating in fraud. Id. She asks the court to subpoena the reports she gave the Milwaukee FBI because they will show the fraud and misconduct committed by Mullenbach; she says that she gave reports and two discovery discs to the FBI but that the FBI won't give them back. Id. at 13. She asks for "the judgement for relief under a previous Judgement as a partical [sic] Judgement," and that the court "hold the amended criminal complaint under Reconsideration." Id. at 27.

11. *Motion for Reconsideration* (Dkt. No. 33)

The plaintiff labeled this six-page filing—received by the court on June 22, 2023—as a "motion for reconsideration" and the clerk's office docketed it as such. Dkt. No. 33. But it is titled "Motion Reconsideration *Preliminary injunction* and asks that Barbara Pierce give the court a "factual video of the accused 'Plaintiff'." Id. She asks the court to review the video. Id. She asks to "have this as discovery to follow up with the photos in fact." Id. at 2. The plaintiff also asks the court to direct Pierce "to answer in this motion." Id. at 2. She also asks the court "to have eric Muellenbach to produce the video, that he stated he had logged into evidence on 11-10-21, that would go with Evidence, and fact." Id. at 3. She asks the "federal courts" to review the video. Id. at 4. She asks the court to direct the defendants to answer. Id.

12. *Motion for Reconsideration* (Dkt. No. 34)

The same day—June 22, 2023—the court received from the plaintiff a twenty-four-page "motion for reconsideration jurisdiction," indicating that she still was residing at Mendota "due to competency." Dkt. No. 34 at 1. The plaintiff lists "Defendant Identities," and refers to Mullenbach, Randall, Lamotte, Pierce, Fink, Menzi and Gayle Griffith, Psy. D. Id. at 1-4. Under the "Facts" section, she accuses each of the defendants of conspiring in fraud and proceeding to charge her when they had evidence that did not support charging her. Id. at 6-18. The plaintiff labels another section "Claims for Relief," where she asserts that the defendants violated her rights and state and federal guidelines by not obtaining a warrant to gather evidence, by not writing up

15

official police reports and by wrongfully accusing the plaintiff. Id. at 18-20. She reiterates her request for 2.5 million, "expecially under Judgement of relief to a previous Judgement with Eric Mullenbach and Chris Randoll and Walmart due to Newly Discovered evidence proven that Federal Rules and Laws were indeed Broken by these defendants . . . ." Id. at 20. She also asks that the "Amend criminal complaint" "be Granted . . . ." Id. at 21. She asks the court to add defendants and hold them accountable. Id. at 23.

13. *Motion for Reconsideration* (Dkt. No. 35)

The plaintiff labels her six-page filing—which the court received on June 28, 2023—as a "Motion Reconsider," "Motion Judgement from Previous Judgement" and "Motion to Amended Complaint." Dkt. No. 35. The plaintiff accuses Pierce of violating her rights to a fair trial. Id. at 1. She claims that Pierce also prosecuted Stacey Anderson for possession of methamphetamine and theft of moveable property and that the newly discovered evidence shows that Anderson was the woman entering Walmart. Id. The plaintiff argues that Pierce should have known better than to prosecute both individuals (the plaintiff and Anderson) because she viewed the evidence that clearly showed Anderson entering the Walmart. Id. at 3.  The plaintiff accuses Pierce of conspiring in "fraud and schame [sic] and alter" under Federal Rules 60(e) and 60(b). Id. at 5. She claims that Pierce reviewed the discovery and probable cause statement and chose to go along with the fraud. Id. at 5. The plaintiff requests that the court grant her motions for reconsideration and grant relief of $2.5 million from Pierce for damages due to her conduct. Id.

16

14. *Motion for Reconsideration* (Dkt. No. 36)

The plaintiff titled a second, eight-page filing received by the court on June 28, 2023 as "Motion Reconsider," "Motion Amended Criminal Complaint," "Motion Direct the Defendant to Answer," "motion under Reconsideration to produce her video, Discovery on the 'Plaintiff' Stahmann," "Motion for reason of Alledge [sic] crime of fraud under fed Rule 60(e) reason 1-6 and fraud by the court," and "Motioning Allowed request be granted under Reconcideration [sic], can hear both 'Plaintiff' and 'Defendants' side before proceeding in the final Decission [sic] of the Amended complaint on how the federal courts should proceed in its final ruleing [sic]." Dkt. No. 36 at 1. The plaintiff asks that if the defendant does not answer, Barbara Pierce be found guilty of breaking the allegations brought in the federal court system. Id. She wants the discovery CD—which includes the video—to be produced. Id. at 2. She asserts that if people in government buildings find a false statement in the discovery or obtain physical evidence of fraud, they are not allowed to continue with that particular charge. Id. at 4.

15. *Motion for Reconsideration* (Dkt. No. 38)

On July 10, 2023, the court received from the plaintiff a seven-page motion asking the court for relief from judgment under Rule 60(b)(1)-(3). Dkt. No. 38. The plaintiff states that the evidence shows that the law was clearly broken, and the plaintiff was wrongly accused and run through a painful court process that could have been prevented. Id. at 2. She requests relief under the constitution and case law from courts in other jurisdictions. Id. at 3. She states

17

that she is requesting this relief because the law enforcement officials broke state and federal guidelines. Id. The plaintiff states that there is a high risk of danger to the public because of the planned fraud of the prosecutors, law officials, and public defenders. Id. at 7. She requests relief of allowing her to "alter-amend" a previous judgment, 2.5 million and "Allow the charges of the Federal Rules they Broke to be enforced." Id.

C.     Analysis

"'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). For evidence to be "newly discovered," the plaintiff must show that it could not have been uncovered with reasonable diligence at the time the party filed the original motion. Id. (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Id. (citation omitted).

The court understands that the plaintiff disagrees with the court's May 24, 2022 order dismissing the case (Dkt. No. 15). She is entitled to disagree. The court also understands that the plaintiff likely has been under a great deal of stress, facing a criminal charge in state court that she does not believe was justified and being sent to Mendota for evaluation. But the plaintiff's disagreement with the court, and the stress caused by the criminal prosecution

in Fond du Lac County, do not justify the plaintiff filing multiple, repetitious motions to reconsider that do not identify any manifest errors of law or any newly discovered evidence.

In the May 24, 2022 order dismissing the case (recall that the plaintiff had sued three defendants—the Fond du Lac County Sheriff's Department, Muellenbach and Oshkosh Walmart), the court explained that the Fond du Lac County Sheriff's Department is not a suable entity under 42 U.S.C. §1983, that Walmart is not a state actor and that the plaintiff's claims against Muellenbach belong in state court under Wis. Stat. §893.35. Dkt. No. 15 at 7. The court also denied the plaintiff's motion to amend the complaint a third time as futile, dkt. no. 20 at 4, and denied her motion to reconsider under Rule 60(b) because she failed to identify a mistake, or newly discovered evidence, fraud on the court, or any other reason to grant relief, id. at 6.

Nothing in the pending motions—including the USB drive, the CD and the pages and pages of attachments the plaintiff has filed—changes this analysis. None of that evidence changes the facts that a plaintiff cannot sue the Fond du Lac Sheriff's Department or Walmart under §1983 and that she has recourse against Muellenbach under the state statutes. The plaintiff cannot add new defendants to a closed case through a motion to reconsider. She cannot make discovery demands, or demands for subpoenas, through a motion to reconsider.

The one new piece of information that has come to light due to the plaintiff's many filings and attachments is the fact that there is an ongoing

19

criminal case in Fond Du Lac County against the plaintiff, alleging that she obstructed law enforcement by asserting that someone had stolen and cashed her stimulus check. Many of the individuals she seeks to add as defendants in this closed federal civil rights case are involved in that state criminal case, including the prosecutor, the court-appointed psychologist evaluating her competency, a deputy district attorney and a judge. It appears that the plaintiff is asking this court to intervene in, or enjoin, the ongoing state criminal proceedings. Federal courts, however, ordinarily must "refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." Courthouse News Service v. Brown, 908 F.3d 1063, 1071 (7th Cir. 2018) (citing Younger v. Harris, 401 U.S. 37, 91 (1971); FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007)). The plaintiff may make her arguments about alleged law enforcement and prosecutorial misconduct in her pending state criminal case.

The court will deny the plaintiff's motions for reconsideration and to supplement the record. The plaintiff may not file any further motions or pleadings in this case. If, after her state criminal case has concluded (including any appeals), the plaintiff believes that she can prove that any state government employees violated her constitutional rights (and that those employees are not immune from suit), she may sue those employees in federal court.

**II.     Motions to Add Parties (Dkt. Nos. 26, 26-1)**

In a motion received by the court on May 24, 2023 titled "Defendant Add on Under Reconsideration," the plaintiff requests that the court add five new defendants to this (closed) case: Kristin R. Menzl, Detective Michelle Fink, Barbara Pierce, Shelby Braatz and Gayle Griffith, Psy. D. Dkt. No. 26 at 1. The plaintiff attached to this motion a document titled, "Motion in Reconsideration Defendant: Add on," in which she discussed why she wanted to add Barbara Pierce as a defendant. Dkt. no. 26-1. The plaintiff filed these motions after the court had dismissed the case, entered judgment and denied a third motion to amend.

A.     Standard

The plaintiff's motions don't ask leave to amend the complaint, but by seeking to add multiple defendants and new allegations, that is what she is asking to do. Under the Federal Rules of Civil Procedure, a party may amend her pleadings under three circumstances: (1) "21 days after serving" the pleading; (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(, (e), or (f), whichever is earlier"; or (3) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The rule does not contemplate amendments to a complaint after the case has been dismissed. A court has "'broad discretion' to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would

21

result; or where amendment would be futile." <u>Thomas v. Dart</u>, 39 F.4th 835, 840 (7th Cir. 2022) (quoting <u>Huon v. Denton</u>, 841 F.3d 733, 745 (7th Cir. 2016)).

B. <u>Summary of Plaintiff's Arguments</u>

The plaintiff begins her first motion by describing the role of Gayle Griffith, Psy. D, who does not appear to have any relationship to the underlying investigation of the missing stimulus check. Dkt. No. 26. She describes Griffith as the individual assigned to evaluate and restore the plaintiff's competency. <u>Id.</u> at 1. She accuses Griffith of altering reports and submitting false legal documents to the court. <u>Id.</u> at 2-3. The plaintiff believes that Griffith has committed fraud, misconduct and negligence under Federal Rule 60(e) because of Griffith's profession as an evaluator. <u>Id.</u> at 4.

The plaintiff also asks the court to add Barbara Pierce as a defendant because Pierce allegedly knew of the fraud and presented it to the state court. Dkt. No. 26-1. She asserts that Pierce knew from the discovery that the plaintiff was not the person in the video (although the plaintiff resembled that person), <u>id.</u> at 1-2, and that Pierce knew that the evidence presented in "her" courtroom was false, <u>id.</u> at 3. The plaintiff cites Federal Rules 60(e)(1)-(3) to support her allegations against Ms. Pierce. <u>Id.</u> at 11.

C. <u>Analysis</u>

The court already has explained that the plaintiff cannot add defendants to a closed case. In essence, she is asking to reopen the case and amend (for a fourth time) to add defendants and claims. The court will deny that motion.

22

First, it is untimely. There is no complaint to amend because the case has been dismissed and is closed. Second, even if the plaintiff had timely asked the court for leave to amend to add these defendants, the amendment would be futile because it does not state a plausible claim for relief. The plaintiff seeks to add Kristin R. Menzl, Detective Michelle Fink, Barbara Pierce, Shelby Braatz and Gayle Griffith, Psy. D. as defendants, but has made allegations only against Pierce and Griffith, who are involved in her ongoing criminal case. Dkt. No. 26 at 1. She provides no other facts to support any claims against the other proposed defendants. Dkt. Nos. 26, 26-1.

The plaintiff also asks the court to rule against the proposed defendants under Rule 60(e). Rule 60(e) is not a cause of action; a plaintiff cannot sue someone under Rule 60(e) and a court cannot convict someone or enter judgment against someone under that rule. Rule 60(e) does nothing more than get rid of some old, outdated procedural mechanisms that federal courts no longer use (bills of review, writs of *coram nobis*, etc.).

The plaintiff has not stated a valid federal claim against any of the individuals she seeks to add as defendants. It would be futile for the court to reopen the case and allow her to amend her complaint. The court will deny the plaintiff's motions to add parties.

### III. Conclusion

The court **DENIES** the plaintiff's motions for reconsideration. Dkt. Nos. 21, 25, 27, 28, 29, 30, 33, 34, 35, 36, 38.

The court **DENIES** the plaintiff's motion to supplement. Dkt. No. 22.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 23.

The court **DENIES** the plaintiff's motions to add parties. Dkt. Nos. 26, 26-1.

The court **ORDERS** that the Clerk of Court must **RETURN** to the plaintiff any pleadings, motions, letters, attachments, exhibits or other documents the plaintiff attempts to file in this case.

Dated in Milwaukee, Wisconsin this 18th day of September, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**